## 9159

### FAIREY v. HAYNES.

#### (85 S. E. 1063.)

1. MORTGAGES — ACCOUNTS — EVIDENCE.—Where various business transactions during a series of years were had between plaintiff and defendant, including separate accounts secured by different mortgages, and the application of a payment to a prior mortgage subsequently to the giving of the mortgage sued on was questioned on the alleged ground that nothing was then due thereon, and that it should have been applied to the debt secured by the mortgage upon which action was now being brought, receipts for payments on the prior mortgage are admissible in evidence to show the amount due thereon, although such payments were made prior to the making of the mortgage upon which action is brought.

2. CHATTEL MORTGAGES—RECOVERY OF PROPERTY MORTGAGED—EVIDENCE —ADMISSIBILITY.—In claim and delivery for personal property, to .which plaintiff claimed title under a past-due chattel mortgage, where defendant alleged payment and the improper application thereof to a real estate mortgage already satisfied, it was error to exclude evidence tending to show payment of the real estate mortgage before the execution of the chattel mortgage; defendant having a right to show that nothing was due under the latter.

3. CHATTEL MORTGAGES—RECOVERY OF PROPERTY MORTGAGED—EVIDENCE —ADMISSIBILITY.—In claim and delivery for personal property to which plaintiff claimed title under a past-due chattel mortgage, where defendant alleged payment and the improper application thereof by plaintiff to a real estate mortgage, it was error to exclude evidence showing such improper application.

Before MAULDIN, J., Orangeburg, October, 1914. Reversed.

Action by W. C. Fairey against William Haynes. From judgment for plaintiff, defendant appeals.

*Mr. Jacob Moorer,* for appellant, cites: 97 S. C. 289; 96 S. C. 355; 47 S. C. 489; 50 S. C. 161; 51 S. C. 453.

*Mr. John S. Bowman,* for respondent, submits: *The exclusion of evidence was within the discretion of trial Judge:* 98 S. C. 123.

August 14, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for claim and delivery, brought by plaintiff for the recovery of certain personal property. The plea of defendant was a general denial and payment. The case was tried before Judge Mauldin and a jury at Orangeburg, S. C., October term of Court, 1914, and resulted in a verdict in favor of the plaintiff for the property sued for, or the value thereof, in case property could not be delivered, $297. After entry of judgment defendant appeals, and by seven exceptions seeks reversal. Exceptions 2 and 3 are as follows:

2. Because his Honor erred in not allowing the defendant to prove or to introduce evidence to show that the real estate mortgage referred to by the plaintiff was fully paid before the date of the chattel mortgage.

3. Because his Honor erred in not allowing the defendant to introduce in evidence the receipts, which showed that all accounts between plaintiff and defendant up to the date of the said chattel mortgage was fully paid before the execution of the said chattel mortgage. These exceptions must be sustained. The allegations of the answer show that there had been for a number of years, commencing in 1893 up to the time this suit was commenced, various business transactions, various payments, and a number of receipts given. The contention of the plaintiff being that at the time the chattel mortgage sued on was executed February 11, 1913, the defendant was indebted to him in two amounts, one being a balance due on a chattel mortgage for the year 1912, and balance due on a real estate mortgage executed April 12, 1906. Plaintiff contends that the defendant paid up the real estate mortgage on March 3, 1913, and the sum of $39.82 on the chattel mortgage, leaving a balance due on chattel mortgage of $275 and interest thereon from October 1, 1913. Defendant contends that the real estate mortgage

was paid in full before the chattel mortgage was given, and that he had paid the chattel mortgage in full, and that the check sent by him to plaintiff by mail and applied to real estate mortgage by plaintiff should have been applied to chattel mortgage. When the defendant's counsel attempted to introduce one receipt and informed the Court that he had a handful of receipts given the defendant by plaintiff, upon objection of plaintiff's counsel the Court refused to admit them and ruled by saying: "I am bound to rule this as the law, if these receipts antedate the chattel mortgage they would not have any bearing in this case and would not be competent to affect this chattel mortgage." The Court refused to allow any receipt to be introduced that showed a payment on the real estate mortgage as being incompetent. This ruling was erroneous and prejudicial to the defendant. A receipt can always be explained. Under the pleadings in the case the defendant had the right to show, if he could show, that the condition of the chattel mortgage had not been broken and that there was nothing due thereon. He had a right to explain that the receipt, though applied to the real estate mortgage, was an improper application, as there was nothing due thereon, but was a payment made by him to be applied to the chattel mortgage and was a payment thereon. He was entitled to have this explanation of the receipt to go to the jury for their consideration for what it was worth, and these exceptions are sustained, and judgment reversed and a new trial granted.