## 9554

### STATE v. SHUMAN.

(90 S. E. 596.)

1. CRIMINAL LAW — INSTRUCTIONS — REASONABLE DOUBT. — The Court instructed that the jury "must be satisfied from the greater weight of the evidence that he (accused) did believe it (the homicide) was necessary. * * * If he has proven all four of these propositions by the greater weight of the evidence, he has made good his plea of self-defense, and would be entitled to a verdict of not guilty. * * * Then * * * you may consider whether or not the testimony adduced in support of this plea, when taken in connection with all the other evidence in this case, leaves you to entertain a reasonable doubt as to that, on the whole case; if it does so, write a verdict of not guilty. If it does not say so by your verdict. If you are satisfied beyond a reasonable doubt as to whether it should be murder or manslaughter, give him the benefit of that doubt and convict him of the lower offense, to wit, manslaughter." *Held,* the instruction was not erroneous as failing to charge that the defendant was entitled to the benefit of every reasonable doubt on every material point in the case, or as failing to charge the meaning of reasonable doubt.

2. CRIMINAL LAW—TRIAL—COERCING AGREEMENT BY JURY.—A Judge has no right to threaten or intimidate a jury or unduly detain them in order to affect their deliberations, and there should be nothing in his intercourse with the jury having the least appearance of duress or coercion.

3. CRIMINAL LAW—HARMLESS ERROR—COERCION OF VERDICT.—In a homicide trial, where the case was submitted at 5 o'clock and the jury were in the jury room until 11 o'clock next morning, when they

rendered a verdict of guilty, an instruction, concluding with a statement that if a jury had found a mistrial, the Court would have sent them to jail, and intimating that the Judge would keep the jury three weeks if they did not agree, was error, prejudicial to accused.

4. CRIMINAL LAW — VERDICT — IMPEACHING — TESTIMONY OF JURORS.— Testimony of jurors in a criminal case as to whether the charge of the trial Court coerced them into finding a verdict is improper.

5. CRIMINAL LAW—APPEAL—FAILURE TO ARGUE—EXCEPTIONS.—Exceptions, not argued on a criminal appeal, will not be considered by the Supreme Court.

Before PRINCE, J., Hampton, February, 1916. Reversed.

J. K. Shuman, being convicted on manslaughter, appeals.

Defendant's first and second exceptions, referred to in the opinion, were as follows:

(1) Because his Honor, the presiding Judge, erred in charging the jury as follows: "And you must be satisfied from the greater weight of the evidence that he did believe that it was necessary; that there was open to him no other apparently reasonably safe way of saving himself. If he had proven all four of these propositions by the greater weight of the evidence, he has made good his plea of self-defense, and would be entitled to a verdict of not guilty, not on the ground that the law justifies his conduct, but merely on the ground that the law excuses it. * * * If the defendant has failed to prove his plea of self-defense by the greater weight of the evidence, then his defense has failed as an affirmative defense. Then, Mr. Foreman, you may consider whether or not the testimony adduced in support of this plea, when taken in connection with all the other evidence in this case, leaves you to entertain a reasonable doubt as to that, on the whole case; if it does so, write a verdict of not guilty. If it does not, say so by your verdict. If you are satisfied beyond a reasonable doubt that he is guilty of unlawful homicide, that means murder or manslaughter, but if you cannot say beyond a reasonable doubt as to whether it

should be murder or manslaughter, give him the benefit of that doubt and convict him of the lower offense, to wit, manslaughter,"—the error being: (a) That his Honor failed to charge the jury that the defendant was entitled to the benefit of every reasonable doubt on every material point in the case; (b) that his Honor failed to charge the jury the meaning of a reasonable doubt.

(2) That his Honor erred in charging as follows: "A verdict means an acquittal or a conviction. It doesn't mean a mistrial. Nobody but I can order a mistrial, and you will stay in the jury room until you have agreed on a verdict, or until I order a mistrial. Don't come out here like some jury has done in this State and say, 'We, the jury, find a mistrial.' That is enough to have been pulled off on some other Judge. It has never been pulled off on me. If it had, there would have been 12 men sent to jail. I think you have too much intelligence to try that on me. Now, two constables will have charge of the door, and when you have agreed on a verdict, make it known, and if it is this side of 11 o'clock, you may send after me, but if after 11 wait till tomorrow morning. I won't starve you into a verdict. I will tell you that. You need not be in a hurry. I am going to be here three weeeks. Maybe you would like to stay with me. All right. So, don't hurry on my account. I don't want to take any train early tomorrow, or Saturday, nor Monday, nor next week. If you want to stay with me, stay with me; I would like to have you"—the error being coercion of the jury to the prejudice of the defendant.

*Messrs. B. R. Hiers* and *Geo. Warren,* for appellant, cite: *As to first exception:* 93 S. C. 515. *As to the second:* 81 Ala. 335; 1 So. 108; 24 S. E. 47; 1 Bailey 653; 128 Ala. 518; 15 Colo. App. 268; 62 Pac. 368.

*Mr. Solicitor Gunter* and *Mr. J. W. Vincent,* for respondent.

November 10, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was convicted of manslaughter and sentenced to five years imprisonment. He appealed upon four exceptions, the first and second of which will be reported.

First Exception. The case of *State* v. *Long,* 93 S. C. 502, 77 S. E. 61, shows that this exception cannot be sustained.

Second Exception. In *Phœnix Insurance Co.* v. *Moog,* 81 Ala. 335, 1 South. 108, Mr. Chief Justice Stone, who delivered the opinion of the Court, thus quoted with approval from *Green* v. *Telfair,* 11 How. Prac. 260: "The Judge may * * * keep the jury together as long as, in his judgment, there is any reasonable prospect of their being able to agree, but beyond this I do not think he is at liberty to go. An attempt to influence the jury by referring to the time they are to be kept together, or the inconvenience to which they are to be subjected, in case they shall be so pertinacious as to adhere to their individual opinions, and thus continue to disagree, cannot be justified. A Judge has no right to threaten or intimidate a jury in order to affect their deliberations. I think he has no right even to allude to his own purposes as to the length of time they are to be kept together. There should be nothing in his intercourse with the jury having the least appearance of duress or coercion."

The foregoing is a correct statement of the rule, and, therefore, there was error on the part of his Honor, the Circuit Judge. Unless, however, the error was prejudicial, the judgment will not be reversed. It appears from the record that the case was submitted to the jury at 5 o'clock, and that they were in the jury room until

about 11 o'clock a. m. next day, when the verdict was rendered.

Testimony of the jurors as to whether the charge of his Honor, the Circuit Judge, had the effect of coercing them into finding a verdict would not have been proper. *State* v. *Kelley,* 45 S. C. 659, 24 S. E. 45. If the jury did not render a verdict, until the expiration of a reasonable time, then such fact is susceptible of the inference that the charge was prejudicial to the rights of the defendant. The long consideration of the jury, in the light of what the Judge had said to them, leads us to the conclusion that his remarks most probably operated in the end to coerce them to agree upon a verdict. Therefore this exception must be sustained.

The appellant's attorneys did not argue the third and fourth exceptions, and, therefore, they will not be considered.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

MR. JUSTICE GAGE concurs in the opinion announced by the CHIEF JUSTICE.

MR. JUSTICE FRASER, *concurring.* I agree with the Chief Justice that the charge was calculated to coerce the jury, and, therefore, there should be a new trial. I think, however, that the time spent in the jury room is immaterial. If the jury believed that an agreement was necessary, then I think it was the part of wisdom to agree at once.

We have a statute in this State that provides that if the jury return a second time without having agreed upon a verdict, they cannot be sent out again without their consent. I do not think the power of the trial Judge is plenary.