### 9666

FAIREY v. HAYNES.

(91 S. E. 976.)

1. EVIDENCE—RECEIPTS.—The burden rests upon a defendant accepting receipts to show that they do not correctly set forth the transaction to which they refer.

2. TRIAL—COERCION OF VERDICT.—In an action of claim and delivery, concluding an instruction with: "Don't you undertake to fool me by coming out and saying that you have agreed to a mistrial. I would dislike to send such a good-looking body of men to jail, and that is what I would have to do"—was improper as coercing a verdict.

Before PRINCE, J., Orangeburg, October, 1915. Reversed.

Action by W. C. Fairey against William Haynes. Judgment for plaintiff, and defendant brings exceptions.

*Mr. Jacob Moorer,* for appellant, submits: *The charge was coercive and denied the jury the right of a free and independent action to disagree, if they so found, under threat of being sent to jail:* Sec. 4050, vol. I, Code, 1912. *This case having been once decided by this Court:* 101 S. C. 499. *If a trial Judge is permitted to coerce a jury into a verdict then the value of the system of trial by jury is at an end:* Ann. Cas. 1915d, 664. *The exclusive right to agree or not to agree rests with the jury. The Judge should not by threat or entreaty attempt to coerce a verdict or exert his authority to force an agreement:* Ann. Cas. 1912d, 440.

*Mr. John S. Bowman,* for respondent.

March 30, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The nature of the action and a general statement of the facts will be found in the opinion of this Court on a former appeal. 101 S. C. 499, 85 S. E. 1063. It was there held that evidence of the transactions between the parties prior to the execution of the chattel mortgage of February 11, 1913, under which plaintiff claims title to the property in dispute, was admissible on the issue of payment. Therefore there was no error in admitting such evidence.

In attempting to prove payment defendant introduced two receipts, both dated March 3, 1913, aggregating $314.82, the amount which the mortgage in question was given to secure. One was for $275, and expressly stated that it was in settlement of a real estate mortgage of anterior date. The other was for $39.82, and stated that that amount had been applied to the chattel mortgage here in question, and that there was a balance due thereon of $275. Defendant contends that the mortgage here in question covered all his prior indebtedness to plaintiff, including the balance due on the prior real

estate mortgage. The Court correctly charged that the burden was upon him to show that these receipts which he had accepted did not correctly set forth the transaction of that date, and that their aggregate amount should have been credited on the chattel mortgage. ,

The trial Judge concluded his charge to the jury as follows:

"No one can order a mistrial but me. I am the only one that can order it. Don't you undertake to fool me by coming out and saying that you have agreed to a mistrial. I would dislike to send such a good-looking body of men to jail, and that is what I would have to do."

Under the authority of *State* v. *Shuman,* 106 S. C. 150, 90 S. E. 596, the eighth exception, which complains of this language as tending improperly to coerce a verdict, must be sustained.

The other exceptions are so clearly devoid of merit as to require no consideration.

Judgment reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER concur in the opinion of the Court.

MR. JUSTICE GAGE, *dissenting.* I dissent. I think the facts of this case and of the Shuman case materially differ. In my opinion, the judgment ought to be affirmed.