16930

THE STATE, Respondent, v. J. C. BURNETT, JR., Appellant

(85 S. E. (2d) 744)

*Messrs. R. B. Hildebrand,* of York, and *H. R. Swink* and *Harry L. Cline,* of Gaffney, *for Appellant,*

*J. Allen Lambright, Esq., Solicitor,* of Spartanburg, *for Respondent,*

November 16, 1954.

STUKES, Justice.

Upon an indictment which in another, the first, count charged him with assault with intent to ravish, appellant was convicted of assault and battery of a high and aggravated nature. He has presented three questions on appeal which will be discussed in the order followed in the brief. The first is there stated as follows: Did the trial court err in the admission of testimony as to the appellant's marriage and divorce status?

At the time of the crime appellant was twenty-three years old and in the army. The prosecutrix was a college sophomore and out on a Sunday date with appellant in his Cadil-

lac automobile. They had been acquainted only about a week. She testified over objection that appellant represented himself to her as being single and having never been married. He offered in evidence the record of a divorce which he had previously obtained in Florida. In turn, 'the State offered the record of a divorce obtained in Spartanburg County in the suit of his former wife subsequently to the assault upon the prosecutrix.

The judgments of divorce were admitted by the court solely upon the contention of the State that appellant was married at the time of the assault and the competency of them was expressly so limited. The following is from page 107 of the transcript:

"Mr. Watt: I would like to offer this in evidence.

"Mr. Hildebrand: Your Honor, I object to that on cross-examination. It can't have any relevancy here in this case. Testimony has already been permitted to be offered on the subject and we do not think it would be competent, to put a raft of documents into the record.

"The Court: Let me see the record.

"Mr. Hildebrand: It may have certain other incompetent testimony. He has been cross-examined on it.

"The Court: Mr. Hildebrand, it is competent for one purpose, and one purpose only. And I have to admit it on the ground that in view of his testimony here, he said he thought he was divorced, he didn't think he was a married man. I will have to admit the record because of the contents of his answer. On that question.

"Mr. Watt: I might state, Your Honor, the State has no other desire to put anything in except for the sole purpose, to show when the divorce was granted.

"The Court: All right."

However, the entire judgment roll of the Spartanburg court, which included the complaint of appellant's former wife containing allegations of various wrongdoings on the part of appellant and the decree based thereupon, were in-

cluded. The instant record negatives publication of the contents to the jury during the trial, but at the conclusion of the judge's charge he said to them in open court, "You may have all the exhibits in the case." Presumably, although the record does not affirmatively show, the jury took the records of the divorce proceedings with them to their room.

The brief concedes, in effect, that the *judgments* of divorce were competent because the marriage status of appellant at the time of the assault was pertinent upon the question of appellant's intent, but contends and we agree that the contents of the pleadings and decree of the Spartanburg divorce action were irrelevant and incompetent. Appellant was adjudged in the decree to be the father of a child which was conceived before his marriage to the mother whom he soon afterward deserted and failed to support.

As said above, the court properly restricted the reception in evidence of the divorce proceedings to prove the existence and results of them and not the contents. When the judge followed the usual course and told the jury at the end of his charge to them that they might have the exhibits, it was incumbent upon counsel (who are able and experienced) to object, which they did not do in any manner. They have been expressly asked for requests for further instructions and they replied in the negative. It was a palpable inadvertence on the part of the court to which attention should have been called and a ruling then obtained. If adverse to appellant, it would have been subject to his appeal. In the absence of timely objection, it is not.

A defendant may not reserve vices in his trial, of which he has notice as here, taking his chances of a favorable verdict, and in case of disappointment, use the error to obtain another trial. *State v. Simon,* 126 S. C. 437, 120 S. E. 230.

In *State v. Ballew,* 83 S. C. 82, 63 S. E. 688, 690, 64 S. E. 1019, the jury were taken to the scene of the jail escape, for aid in which the defendants were on trial, and were

accompanied by the counsel. They made improper experiments and the error was assigned. New trial was refused because of the failure of counsel to bring the misconduct to the attention of the court. In the affirming opinion, by Mr. Justice Woods, it was said: "But defendants' counsel was himself present for the very purpose of seeing that there was no unfairness towards the defendants, and, if he felt aggrieved by the action of the jury, he was bound to exercise his right to complain as soon as practicable. The defendants with full knowledge of the misconduct of the jury, having chosen not to complain to the court, but rather to take the risk of a verdict in their favor, could not afterwards, because the verdict was against them, have a new trial on this ground. The general principle that a party cannot take his chances of a successful issue, reserving vices in the trial, of which he has notice, for use in case of disappointment, is universally recognized and obviously just."

"The general rule, subject to certain limitations and exceptions hereinafter noted, is that an appellate court will consider only such questions as were raised and reserved in the lower court. This rule is based upon consideration of practical necessity in the orderly administration of the law and of fairness to the court and the opposite party, and upon the principles underlying the doctrines of waiver and estoppel. Obviously, the ends of justice are served by the avoidance of the delay and expense incident to appeals, reversals, and new trials upon grounds of objection which might have been obviated or corrected in the trial court if the question had been raised. There would be no assurance of any end to the litigation if new objections could be raised on appeals. Where a party has the option to object or not, as he sees fit, the failure to exercise the option when the opportunity therefor presents itself must, in fairness to the court and to the adverse party, be held either to constitute a waiver of the right to object, or to raise an estoppel against the subsequent exercise thereof." 3 Am. Jur. 25, Appeal and Error, sec. 246.

"It cannot be asserted for the first time on appeal that the court erroneously restricted the purpose for which evidence was admitted. Also, conversely, the failure of the court to limit the consideration of evidence to a particular purpose or issue cannot be complained of on appeal in the absence of any request in the trial court that it be so limited." Ibid, p. 96, sec. 351.

The trial court in the case at bar was not advised of appellant's objection to the submission of the exhibits to the jury even on his motion after verdict. In stating grounds for new trial, it was simply said at the end: "* * * * and another ground, based upon the admissibility of the court record which involved the divorce proceeding which was offered in evidence by the State."

We do not think available to appellant the point of his first question on appeal.

Moreover, appellant was not convicted upon the count of the indictment which charged him with intent to ravish, but only of assault and battery of a high and aggravated nature. Concededly, the facts contained in the divorce proceedings pertained to appellant's intent and, it is contended, prejudiced him in that respect. The argument loses its force in the light of the verdict which did not convict him of the intent with which he was charged in the first count of the indictment. We purposely refrain from recounting the lurid details of the evidence, under which there can be no reasonable doubt of appellant's guilt of the crime of which he was convicted.

It logically follows the last observation that there is another consideration which strongly militates for affirmance of the conviction and sentence. Under all of the unquestioned evidence, leaving aside the records of the divorce actions, no honest jury with any regard for their oaths could have done less than this jury did—that is, convict of the lesser crime charged; indeed, they were remarkably merciful not to convict of the greater degree,

which, upon a new trial, with the same evidence adduced, the jury might well do.

This principle was reiterated and applied in *State v. Evans,* 202 S. C. 463, 25 S. E. (2d) 492, 495, where it was said by a unanimous court:

"After a thorough examination of the whole record, we are convinced that the testimony (which was objected to) did not affect the result of the trial, and its admission did not invade a substantial right of the defendant. In the light of the testimony in this case, we do not believe that an intelligent and honest jury could be impaneled who, with a due regard for their oaths and the testimony, could legitimately come to any conclusion other than that the appellant was guilty. Where guilt is conclusively proved by competent evidence, and no other rational conclusion could be reached but that the defendant is guilty, a judgment of conviction should not be set aside because of unsubstantial errors not affecting the result. *State v. Ford,* 3 Strob. 517, 526, [note], 34 S. C. L., 517, 526; Wigmore on Evidence, 3rd Ed., Volume 1, Section 21.

"The rule approved by this Court was clearly stated by Judge O'Neall in *State v. Ford,* supra, as follows: 'According, however, to a well settled rule in criminal cases, if the prisoner's guilt were clearly made out by proper evidence, in such a way as to leave no doubt in the mind of a reasonable man, his "conviction ought not to be set aside because some other evidence was received which ought not to have been." This rule is, I know, to be tenderly and cautiously applied; and I would be the last man on earth to apply it where there was room to doubt. But when I know that the prisoner's guilt is as plainly made out by the other evidence, as it is possible to be done, I should feel that I was literally straining at a gnat, while, in fact, I was swallowing a camel, if I hesitated in applying it to this cause'."

The rule was similarly applied to objectionable argument to the jury in *State v. Gilstrap,* 205 S. C. 412, 32 S. E. (2d) 163, 164, where it was said:

"The rule followed in this State, and we think in most jurisdictions, is that if upon the whole case, it appears to the Court that the defendant was prejudiced by the language used, as the result of which he did not have a fair and impartial trial it would be the duty of the Court to reverse the case and remand it for a new trial. However, as was said in *State v. Duncan,* 86 S. C. 370, 68 S. E. 684, 685, Ann. Cas. 1912A, 1016: 'If the record shows that no other verdict could have been found upon any reasonable view of the evidence, we are safe in concluding that no harm was done'."

Again it was said in *State v. Hariott,* 210 S. C. 290, 42 S. E. (2d) 385, 389:

"Whether the error in a given case shall be regarded as harmless on appeal may often depend on the circumstances of the particular case, rather than on any definite rules of law; the materiality and prejudicial character of the alleged error being determined in its relation to the entire case. Accordingly, as heretofore stated, appellate courts are disposed to regard as harmless intervening errors, where it appears from the record that the conviction is clearly correct on the merits, that the accused had a fair trial, and where no other verdict could reasonably have been returned on the evidence."

And finally, in this long line of decisions, reference is had to *State v. Maxey,* 218 S. C. 106, 62 S. E. (2d) 100, 107, from which the following is quoted:

"It is likewise a principle of practically universal recognition, that a conviction will not be reversed because of the admission of improper evidence unless the accused was prejudiced or harmed thereby; or unless it appears that there was a miscarriage or justice. The appellate court will consider the record as a whole in determining whether there was prejudice."

Appellant's second question imputes prejudicial error in the cross examination of him which is claimed to have been unfair and improper. It has been read and reread with the clear conclusion that, while rigorous, it was

not unfair or prejudicial. There need only be cited *State v. Maxey, supra,* 218 S. C. 106, 62 S. E. (2d) 100, 107, from which we quote:

"The general range and extent of cross examination is within the discretion of the trial judge, subject to the limitation that it must relate to matters pertinent to the issue, or to specific acts which tend to discredit the witness or impeach his moral character. The discretion of the trial court in allowing cross examination is not subject to review except in cases of manifest abuse or injustice. *State v. Steadman,.* 216 S. C. 579, 59 S. E. (2d) 168; *State v. Corn,* 215 S. C. 166, 54 S. E. (2d) 559; *State v. Shumpert,* 195 S. C. 387, 11 S. E. (2d) 523."

The final assignment of error is as follows: Did the trial court err in not permitting appellant to prove by the witness, Peake, the reluctance of the prosecuting witness to attend court and testify?

As his last witness appellant called an officer, quoting counsel, "to show the difficulty in subpoenaing Miss ——— (the prosecutrix) * * * to show her unwillingness to appear in court, to go to her attitude." The court excluded the evidence upon the ground that if admissible at all it should have been the subject of cross examination of the prosecutrix. There was no error. The prosecutrix, whose home is in Columbia, attended the trial, testified fully and freely and was subjected to long and searching cross examination. If she was not inclined to undergo the ordeal, it is perfectly understandable. No prejudice to appellant is apparent; on the contrary, it might be reasonably inferred that her testimony was more reliable because she was reluctant to give it —certainly no less so on that account. Counsel cite no precedent for their position which we think is untenable.

The exceptions are overruled and the judgment affirmed.

Taylor, Oxner, and Legge, JJ., and G. Badger Baker, Acting Associate Justice, concur.