17588

Joan Lawrence KIRVEN and Eula R. Lawrence, Appellants, v. Hattie P. LAWRENCE, Kenneth C. Lawrence, Wilbur H. Lawrence, Mary Lawrence Clements, Francis Elizabeth Lawrence, J. R. Lawrence, Betty Joe Harter, Joe Barr, and B. I. Lawrence, Respondents.

(111 S. E. (2d) 692)

*Messrs. Rogers W. Kirven* and *McEachin, Townsend & Zeigler,* of Florence, *for Appellants,*

*Messrs. Joseph B. Clements, Emil T. Cannon* and *Jack J. Wright, of Florence, for Respondents,*

December 2, 1959.

STUKES, Chief Justice.

In this action a single issue was submitted to the jury, *i. e.,* whether the grantor in a certain deed of real estate was of sufficient mental capacity to execute the deed. On the third day of the trial, which was a Friday, the case went to the jury at 11:40 A. M., and they were later taken out to lunch. At about 4:35 P. M. they informed the trial judge that they were not yet in agreement upon the verdict. (The record is not clear as to whether the jury voluntarily came out of their room but it indicates the contrary, that the judge called them out to advise them of his plans; however, this is of no importance in the decision of the appeal.) He informed

them that because of the predicted approach of a hurricane he was departing for his home in a distant city, but that he was leaving with the clerk of the court instructions to publish their verdict, and the jury returned to their room for further deliberation. The judge likewise informed counsel for the parties, and privately instructed the clerk that if the jury had not reached a verdict by 11:00 P. M. he, the clerk, should call the jury from their room, declare a mistrial and dismiss the jury.

In compliance with his secret instructions from the court, at 11:00 P. M. the clerk opened the door of the jury room and informed the juror who came to the door that the jury could come out. The clerk thought that this juror was the foreman of the jury, but was uncertain. The juror informed the clerk that more time was needed, about fifteen minutes. The clerk closed the door and waited for that period and again knocked. The same juror repeated the request that a little more time be given. At 11:30 P. M. the jury came out with verdict favorable to plaintiffs and it was received and published by the clerk.

During the period of about thirty minutes from the time the clerk first undertook to release the jury and the time that they came out with their verdict, the counsel for the parties and the clerk were in the court room. All of the counsel at first consented to the continued deliberation of the jury but after a time plaintiffs' counsel objected to further deliberation by the jury but defendants' counsel requested the clerk to allow the deliberation to continue. Then came the verdict which was favorable to plaintiffs.

Upon return of the judge to the circuit defendants moved for judgment *non obstante veredicto* or, in the alternative, for a new trial upon several grounds, which were overruled by the court except the second ground which was that the jury had been subjected to coercion, quoting from the ground of the motion, "in being kept together for continued deliberation until approximately 11:40 P. M. in violation of

the instruction of the trial judge that, if the jury had not agreed by 11:00 P. M. to call out the jury * * * and declare a mistrial." It is seen that the foregoing is based upon a misapprehension. The jury were not "coerced". They voluntarily continued to deliberate.

However, the Court granted the motion and ordered a mistrial upon the stated ground that the holding of the jury together for further deliberation after 11:00 P. M. was "unduly coercive", in view of his secret instruction to the clerk to end the deliberations at 11:00 P. M., which he considered long enough for consideration by them. The plaintiffs have appealed.

We are of the opinion that the order should be reversed and the verdict reinstated for the reason that counsel for defendants waived any irregularity on the part of the clerk in allowing the jury to continue to deliberate, simply because they requested it. It would be unfair to permit them to choose the chance of a favorable verdict and then repudiate it when it turned out to be unfavorable. Can it be supposed that they would complain of the verdict had it been favorable to them?

The defendants are in the position of one who induces or assents to error in the course of a trial and thereafter, when he loses, appeals upon the ground of the error, which is not to say, however, that there was any error here. "The general principle that a party cannot take his chances of a successful issue, reserving vices in the trial, of which he has notice, for use in case of disappointment, is universally recognized and obviously just." *State v. Ballew,* 83 S. C. 82, 63 S. E. 688, 690, 64 S. E. 1019. *State v. Simon,* 126 S. C. 437, 120 S. E. 230. *State v. Burnett,* 226 S. C. 421, 85 S. E. (2d) 744, and authorities there cited.

The defendants have submitted an additional ground to sustain the order, to wit: that Section 38-303 of the Code of 1952 requires mistrial, quoting, "because of the multiple 'returns' of the jury from the jury room, without having reached a verdict." That statute follows:

"When a jury, after due and thorough deliberation upon any cause, return into court without having agreed upon a verdict, the court may state anew the evidence or any part of it and explain to them anew the law applicable to the case and may send them out for further deliberation. But it they return a second time without having agreed upon a verdict they shall not be sent out again without their own consent unless they shall ask from the court some further explanation of the law."

It is seen from the foregoing recital of the facts that the jury "returned" from their room only once, at about 4:35 P. M., and then apparently at the instance of the judge. It cannot be said that the clerk's contacts with them at 11:00 and 11:15 P. M. were "returns" of the jury within the meaning of the statute. They were, indeed, the opposite. "Such return primarily implies voluntary action, actuated by, and based upon, the jury's inability to agree." *State v. Drakeford,* 120 S. C. 400, 113 S. E. 307, 309. Cf. *State v. Kelley,* 45 S. C. 659, 24 S. E. 45. Also see on the meaning of "return", *State v. Freely,* 105 S. C. 243, 89 S. E. 643.

*Rowland v. Harris,* 218 S. C. 42, 61 S. E. (2d) 397, was also a case in which the trial judge left the court with a jury out. However, the situation there was the reverse of that here; that jury was unable to agree, until coerced by the circumstances, and we reversed the judgment which was entered upon the verdict. In contrast, in the case at hand, the jury elected to continue to deliberate for about half an hour longer than the absent judge had secretly instructed the clerk.

In the last cited case *State v. Simon, supra,* 126 S. C. 437, 120 S. E. 230, 232, was cited to the point that it was the intention of the above quoted statute to give the jury the right to indicate to the court their view of when the time for "due and thorough deliberation" shall have elapsed. The instant case presents the converse of the circumstances recited in the statute and here we have the jury prolonging

their deliberation despite interruptions by the clerk, which indicates their view of the proper time therefor.

Of course, it is finally within the discretion of the trial judge, subject to the above statutory limitation, as to when to declare a mistrial (*State v. Simon, supra,* 126 S. C. 437, 120 S. E. 230; *State v. Gilbert,* 196 S. C. 306, 13 S. E. (2d) 451), but here he was not on hand to exercise his discretion. It will scarcely be doubted that under the circumstances he would have done as did the clerk, and permitted the relatively short further deliberation. However, the case need not turn on this consideration but on defendants' counsel's assent to, indeed their request for, the course which the clerk followed. The defendants cannot now complain of the result.

Reversed and remanded for entry of judgment on the verdict.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.