7602

## DOVER v. LOCKHART MILLS.

1. Charge—Master and Servant—Appliances—Appeal.—Exception assigning error in the use of "and" in the phrase "the burden is on plaintiff to prove the place at which he was put to work was not safe *and* suitable and that the belt was old, unsafe *and* defective" in italics where "or" should have been used, held not well taken in trial under complaint alleging as specification of negligence that belt had become defective from long use. Such inadvertences should be called to the attention of the trial Judge if they are to be made ground of appeal.

2. Evidence.—Allegations to the effect that a belt was unsafe and defective in that it was old and worn out will not support evidence that it was too tight.

3. Charge—Negligence.—Instruction complained of here as to contributory negligence held to have been stated hypothetically and not to be a statement by the Judge of what facts or series of facts would amount to negligence, nor any intimation of his opinion as to the facts.

4. Ibid.—Master and Servant—Assumption of Risks.—Instructions here complained of relating to assumption of risks, held when construed with its settings, to mean a servant has the right to assume and rely on the assumption that the machinery and appliances furnished him are safe and suitable, but under that cover he cannot expose himself to an obvious danger.

5. Burden of Proof.—Under general denial to a complaint alleging injury from negligence of master, the burden is not on defendant to show the injury was caused by the negligence of a fellow servant or by the sole negligence of plaintiff, but on plaintiff to show injury was caused by the negligence of the master.

6. Jury—Verdict.—The acts of the Judge, after jury had been out for some time, in insisting on their finding a verdict and giving them again the salient points of the law of the case, *held* not to tend to coerce a verdict, but to be within the duty of the trial Judge. The length of time a jury should be kept considering a case is within the discretion of the trial Judge.

Before Memminger, J., Union, January term, 1909. Affirmed.

Action by Joseph B. Dover against Lockhart Mills. From judgment for defendant, plaintiff appeals.

*Mr. John K. Hamblin,* for appellant, cites: *Charge as to what facts made contributory negligence is error:* 54 S. C., 509; 35 S. C., 493; 25 S. C., 30; 46 S. C., 3; 57 S. C., 210. *Burden of proof:* 81 Col., 400; 51 S. C., 79; 17 Cyc., 754, and cases cited in note 775; 45 Ill., 375; 64 S. C., 311; Thompson on Neg., par. 7, 721, and note 63; 12 Ency., 1021; 59 S. C., 87. *Judge should define carelessness:* 51 S. C., 453; 53 S. C., 449; 61 S. C., 556; 71 S. C., 156; 54 S. C., 509. *Servant may assume machinery is safe:* 34 S. C., 215; 18 S. C., 281.

*Messrs. Townsend & Townsend* and *Sirrine & Charles,* contra.

July 4, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff sought to recover damages for injuries received while assisting a fellow servant in putting a belt on a pulley which was revolving very rapidly. The belt broke and the end of it struck and hurt plaintiff's hand. Plaintiff was 47 years of age, and had been working in the mill about 30 days. By the use of a lever near at hand, he could have stopped the machine and put the belt on with safety; and the person whom he was assisting testified that he told him several times to do so, but plaintiff refused, and insisted on putting the belt on while the pulley was in motion. The defenses were a general denial, and the pleas of contributory negligence and assumption of risk.

The first specification of negligence in the complaint was, "in not furnishing plaintiff with safe machinery, and a safe place in which to work, in that the said belt was old, unsafe, defective, worn out, thereby causing the said belt to break easily."

The Court instructed the jury that the burden was on the plaintiff to prove that the place at which he was put to work was not safe and suitable, and that the belt was old,

unsafe and defective. The error assigned is in the use of the conjunctive "and" between the words safe and suitable and between the words unsafe and defective, instead of the disjunctive "or," the contention being that where there are several specifications of negligence, it is not incumbent on the plaintiff to prove all of them, but if he proves only one and that it was the proximate cause of his injury, he is entitled to recover, which, as a general proposition, is correct; but, properly construed, the complaint contained only one specification of negligence that the belt had become defective from long use—in other words, that it was worn out. The other modifying adjectives used added nothing to this charge. The same may be said of the adjectives descriptive of the place. If it was unsafe, it was unsuitable. In this connection, these words are used interchangeably and synonymously. In responding to an exception which made the same point, the Court said, in *Davis* v. *R. R.,* 75 S. C., 307, 55 S. E., 526: "It would greatly embarrass the practical administration of the law for the appellate court in reviewing charges to the jury to become hypercritical or a stickler for the technical rules of philology in every phrase and clause, and reverse verdicts for some loose expression or some slight misuse of a word, when the general import of the charge stated the law. Any portion of a charge to which exception is taken should be fairly construed with reference to the clear tenor and import of the whole, and as an effort to explain the law of a case to men of ordinary or average education and intelligence. The average juryman has little knowledge and less concern about fine distinctions, but generally has a desire and capacity for sufficient information to enable him to do substantial justice between the parties." Mere inadvertences of such a nature in charging the jury must be brought to the attention of the judge, or they will not avail as grounds of appeal; for if they are not of sufficient importance to attract the attention of counsel learned in the law,

we may safely assume they do not mislead the jury or affect the result.

There was no error in instructing the jury to disregard the unsolicited testimony of one of the witnesses that the belt was too tight, because there was no such allegations in the complaint. It is contended that the allegation that it was unsafe and defective is broad enough to admit evidence that it was too tight. That might be so, if it had been alleged generally, and without more, that the belt was unsafe and defective. But, referring to the allegation of the complaint, it will be seen that, properly construed, it was intended to allege that the belt was unsafe and defective only in that it was old and worn out. There is not even an intimation to be gathered from the language used that it was too tight.

The fourth and ninth exceptions will be considered together. The fourth exception complains of the following instructions: "If you find that the belt was old and rotten, and that it was negligence on the part of the mill to furnish him with such a belt, if you so find, and that the man went and picked it up and threw it on a rapidly moving piece of machinery which any one, by the exercise of ordinary care, would have known that it was dangerous, and the proximate cause of his injury was the negligent act of his own in putting the belt on a moving machine instead of stopping the machine before putting it on, and the proximate cause was not the defect in the belt, but was the negligent act of the man himself in putting the belt on the moving piece of machinery, it would be for you to say whether, under that state of facts, he himself was guilty of negligence; if you find that he was, and that his own negligence contributed to the injury as a proximate cause, if the belt was old and rotten, but his own negligence would have brought about the same results had it been a new belt, then he is not entitled to recover; that is what is known as contributory negligence."

After the jury had „been out some time, they were brought in and the Court gave them further instructions, of which the following portion is complained of in the ninth exception: "Now, on the other hand, if the belt was so rotten and defective, so obviously dangerous as claimed on the part of the plaintiff, and he went and picked it up, and it was such a belt that any reasonable man could see was defective, and he deliberately put it on a moving piece of machinery, regardless of any rule, or any instructions, if any, you would have to say from the testimony whether or not he exercised, under the circumstances, the care a reasonable man would have done in putting a belt on a moving piece of machinery, and the question would be then, could he recover if he had seen, or could have seen, that it was a defective belt, and that comes under the head of contributory negligence."

The errors assigned are that the Judge charged on the facts, (1) in stating what facts or series of facts would constitute contributory negligence; and (2) that it was inferable from the charge that, in his opinion, the plaintiff was guilty of contributory negligence.

It will be seen from any analysis of the language above quoted that the facts are stated hypothetically, and that it was left to the jury to say whether, if they found the facts so stated to be true, the plaintiff was guilty of negligence; and, if so, whether his negligence contributed to his injury as a proximate cause thereof. The Judge did not say what fact or series of facts would amount to negligence; nor can there be gathered from the language used any intimation of his opinion as to the facts.

The sixth and seventh exceptions impute error to a part of the charge which was given in response to a verbal request made by plaintiff's attorney at the conclusion of the principal charge, as follows: "In connection with what your Honor has said, I would like you to charge the jury that the plaintiff had a right to

assume that the machinery was reasonably safe, and in regard to the assumption of risk; he assumes no risk, unless it was known or apparent to him." The Court: "I have already charged the jury fully on that point—that the party has a right to assume that the machinery and appliances are reasonably safe, and that the place to work is safe, and I charge you also that a man cannot walk into an apparent danger and, without the slightest exercise of his faculties, take up a thing which the slightest degree of care would show him that it was unsafe, and then say he can recover, because he thought it was all right. The law does not set a premium on that sort of carelessness. A man has a right to rely upon the assumption that a thing is safe, but nevertheless says he must use ordinary care to ascertain if it is, and if it is apparent that it is unsafe, and he uses it and gets hurt, I don't think any fair-minded man would say that he would be entitled to recover, and the law says so, and while he has a right to rely upon that assumption the law requires that he use his faculties to see what the risk is and what the condition of the thing was."

The errors assigned are (1) that the judge charged on the facts, in stating what facts or series of facts would amount to carelessness; and (2) in charging that while a servant has the right to assume that the appliances furnished him by his master are safe and suitable, nevertheless, he must exercise ordinary care to ascertain if they are, and if it is apparent that they are not, and he uses them and gets hurt, he cannot recover of the master.

The first assignment of error is untenable, for certainly, if a man walks into "apparent danger, and without the slightest exercise of his faculties takes up a thing which the slightest degree of care would show him was unsafe," he is guilty of negligence, which is the lack of only ordinary care. But there was error in charging that a servant must use ordinary care to ascertain if the machinery and appliances furnished him by his master are safe. A servant

may, without inspection, assume and rely upon the assumption that the machinery and appliances furnished him by the master are safe and suitable, and he is not bound to use ordinary care to ascertain if they are so; but if he knows that they are not, or if it is obvious or apparent that they are not, and he uses them and is injured, he may be held to have assumed the risk, or to have been guilty of contributory negligence, except under circumstances of which there is no proof in this case."

By reference to the charge, it will be seen that the law upon this point had been correctly stated several times, and it was so stated immediately preceding the language complained of. Just before and in connection with the language complained of, the Judge had said, "a man can not walk into an apparent danger and without the slightest exercise of his faculties, take up a thing which the slightest degree of care would show him that it was unsafe," etc.; and just after the language complained of, he said: "If it is apparent that it is unsafe," etc., which, taken in connection with the context and with the whole charge, shows that the idea which the Judge intended to convey and did convey was that while a servant has the right to assume and rely upon the assumption that the machinery and appliances furnished him are safe and suitable, still he can not, under cover of that assumption, expose himself to obvious danger, and hold the master liable for the injurious consequences, except as above stated, under circumstances which appear not to have existed in this case. We are satisfied, therefore, that the error was not prejudicial.

The fifth exception complains of error in not charging that the burden was upon a defendant to prove that the injury was caused by the negligence of a fellow servant.

The burden was upon plaintiff to prove the allegation of his complaint that his injury was caused by the negligence of the defendant. Under the general denial, the defendant

had the right to introduce any testimony tending to disprove that allegation—as, for instance, testimony tending to prove that it was caused by the negligence of a fellow servant, or by the sole negligence of the plaintiff. *Roberts* v. *Virginia-Carolina Chem. Co.*, 84 S. C., 283; *Wilson* v. *Ry.*, 51 S. C., 95, 28 S. E., 91; *Kennedy* v. *Ry.*, 59 S. C., 535, 38 S. E., 324.

The eighth exception charged that the Judge coerced the verdict. After the jury had had the case under consideration for some time, they came into Court, and the Judge asked if there was any prospect of their reaching a verdict, and the foreman replied in the negative.

After ascertaining that their differences were on the facts, the Judge said, and this is the language complained of: "Now, gentlemen, I regret to keep you out longer on this case; it is clogging the work of the Court. Another jury has gone out on another case; and, until you reach a verdict in this case, we will not have enough jurors to go on with the work. It seems absurd that a jury of twelve men can not agree upon a case like that, and find a verdict one way or the other. The case was on the calendar; it has had a fair and complete trial, and has been presented to you gentlemen clearly; it has consumed the time of the Court, and caused expense to your county." His Honor then restated the salient principles of law applicable to the facts of the case, and sent the jury back for further deliberation. We see nothing in the language quoted from which it can be inferred that the verdict was coerced. It is the duty of the trial Judge to admonish juries of the desirability and importance of trying to reconcile their differences and agree upon a verdict, and, in the exercise of the discretion vested in him, to keep them together for such reasonable time as may seem necessary and proper to that end. He is in the atmosphere of the trial, and is cognizant of all the facts and circumstances developed during the trial; and, therefore, the length of time which should be given to the considera-

tion of the case by the jury must be left to his sound discretion. This Court will not interfere with the exercise of that discretion, unless it is clearly made to appear that it has been abused. In this case it appears to have been wisely exercised.

Judgment affirmed.