10901

STATE v. DRAKEFORD

(113 S. E. 307)

1. INTOXICATING LIQUORS—EVIDENCE HELD SUFFICIENT TO WARRANT CONVICTION FOR UNLAWFUL KEEPING.—In a prosecution for the unlawful keeping and storing of intoxicating liquor, evidence *held* sufficient to warrant conviction.

2. INTOXICATING LIQUORS—INSTRUCTION THAT STORING OF LIQUOR IS UNLAWFUL HELD NOT ERRONEOUS.—In a prosecution for unlawful possession of intoxicating liquor, an instruction that the storing or having in possession any quantity of intoxicating liquor for any purpose in a room in which is maintained a store is unlawful *held* not erroneous, in view of Act Feb. 24, 1917 (30 St. at Large, p. 72) § 14, providing where intoxicating liquor may be kept; the jury being further instructed on defendant's contention that storing or keeping implied continuity or habit.

3. INTOXICATING LIQUORS—EVIDENCE THAT LIQUOR WAS BOTTLED AND CROWNED AND READY FOR SALE HELD TO WARRANT INFERENCE THAT IT WAS UNLAWFULLY RECEIVED.—Where the evidence showed that liquor was being unlawfully stored and kept in a country store, and a portion of it was bottled and crowned, apparently ready for sale, the jury was warranted in drawing the inference that the liquor was unlawfully received.

4. INTOXICATING LIQUORS—INSTRUCTION THAT RECEIVING LIQUOR FOR UNLAWFUL PURPOSE WAS A VIOLATION OF LAW HELD NOT ERRONEOUS. —In a prosecution for unlawful receipt, possession and storing of intoxicating liquor, an instruction that, if the liquor ·was secured or received for an unlawful purpose, that would in itself constitute a violation of law, was not erroneous.

5. CRIMINAL LAW—INSTRUCTION THAT GUILT WAS TO BE ESTABLISHED FROM THE TESTIMONY AND EXHIBITS HELD NOT A CHARGE ON THE FACTS.—In a prosecution for unlawful possession of intoxicating liquor, an instruction that it was simply a question of fact for the jury to decide under the testimony as they heard it and from the exhibits they had in evidence, was not erroneous as a charge upon the facts.

6. CRIMINAL LAW—SENDING JURY BACK AFTER RETURNING INTO COURT A SECOND TIME HELD NOT ERROR.—Under Civ. Code 1912, § 4050, providing that, where the jury return into Court a second time without a verdict, after thorough deliberation, they cannot be sent out again without their consent unless they ask for an explanation of law, there was no error in sending the jury back to the jury room after returning into Court a second time, where they were called in by the Court, and where there was no complaint on their part to retire for further deliberation.

7. CRIMINAL LAW—TELLING JURY THEY MUST AGREE HELD NOT PREJUDICIAL ERROR.—In a prosecution for unlawful possession of intoxicating liquor, a remark made by the Court to the foreman of the jury after the foreman had stated that the jury could not agree, "Oh, but you must agree; we couldn't consider a mistrial in this case"—was not prejudicial error, where it was not made in a coercive manner, and the Court subsequently stated no juror should yield his conscientious view.

Before PEURIFOY, J., ·Clarendon, Spring term, 1921. Affirmed.

B. K. Drakeford convicted of unlawfully keeping in possession and storing intoxicating liquor, appeals.

*Mr. W. C. Davis,* for appellant, cites: *Not unlawful to buy liquor from one unlawfully selling it:* 96 S. C., 5. *Must be unlawfully obtained and for unlawful use:* 87 S. C., 442. *"Keeping and storing" implies habit:* 63 S. C., 103; 107 S. C., 431.

*Mr. Frank A. McLeod, Solicitor,* for respondent.

26 S. C.—120.

July 5, 1922.

. The opinion of the Court was delivered by MR. JUSTICE
MARION.

The defendant was indicted and convicted at the spring
term, 1921, of the Court for Clarendon County, Judge
James E. Peurifoy, presiding, of violation of the prohi-
bition law upon three counts of an indictment charging
(1) the unlawful receipt, (2) the unlawful keeping in pos-
session, and (3) the unlawful storing of alcoholic liquor.

Upon the conclusion of the testimony for the State, the
defendant moved for the direction of a verdict. The mo-
tion was granted as to the counts in the indictment charg-
ing manufacturing and transporting, and refused as to the
three foregoing counts.

Appellant's counsel, in his printed argument, groups
Exceptions 2, 9, and 12, and states that they allege error
in not directing a verdict, in not setting aside the verdict,
and in not granting a new trial on the counts of the indict-
ment charging the unlawful storing and keeping in posses-
sion. Exceptions 1, 7, 8, 9, 11, 13, and 14 are directed
to the count of the indictment charging an unlawful re-
ceipt and acceptance for an unlawful purpose. These ex-
ceptions are grouped in appellant's argument, and the na-
ture of the error thereby alleged is therein stated to be, in
substance, that there was no evidence to support the ver-
dict.

The validity of the appeal, based upon the exceptions
specified, is thus clearly rested upon the contention
that this Court should hold as a matter of law,
that the evidence adduced upon the trial below was insuffi-
cient to sustain a conviction.

The defendant introduced no testimony. The evidence
for the State consisted of the testimony of three rural po-
licemen to the effect that they went to the defendant's place
of business in Clarendon County to look for liquor; that

they found in his store a jug containing four or five gallons of corn whiskey; that this jug was under a barrel; that a coca-cola bottle containing whiskey was found under one counter and a ginger ale bottle containing whiskey was found under another counter; that both bottles had crowns on them; that the contents of the jug had been duly sampled by one of the witnesses, and the alcoholic character thereof duly verified; that the defendant Drakeford's store had been raided before, but no liquor found. The jug and bottles, with the so-called see-cat contents, appear to have been introduced in evidence.

We have no difficulty in agreeing with the view of the Circuit Judge, that the evidence adduced was amply sufficient to justify the verdict.

Careful examination of the Judge's charge upon the issues raised by the counts as to storing and keeping in possession, discloses no error. The jury were properly charged under the express provisions of Section 14 of the Act of 1917 (30 Stat. 72) that storing or having in possession "any quantity" of intoxicating liquor "for any purpose" in a room in which is maintained or conducted a "store" is unlawful. The jury were further given the full benefit in the Judge's charge of defendant's contention that the storing and keeping in possession imply habit or continuity.

As to the issue raised by the Court as to "unlawfully receiving and accepting for unlawful use," appellant's contention, as we understand it, is that, even if there was evidence tending to establish violation of law as to storing and keeping in possession, there was no evidence whatever tending to establish an unlawful receipt or acquirement of the liquor for an unlawful purpose. In the absence of testimony furnishing the basis of any reasonable inference to the contrary, it is somewhat difficult to conceive of how liquor unlawfully stored and kept in a

country store; a portion of it bottled and crowned, appar-ently ready for sale, could have been acquired and received for a lawful and innocent purpose. Certainly from those facts it was entirely competent for the jury to draw the inference that it was not so lawfully received.

The Judge correctly charged that, if the liquor was secured or received for an unlawful purpose, that would in itself constitute a violation of the law. The issue made was properly submitted to the jury.

It would seem too obvious for argument that the trial Judge did not charge upon the facts (exception 3) in saying to the jury: "It is simply a question of fact for you to decide under the testimony as you have heard it and from the exhibits that you have in evidence," nor in saying, "You have heard the testimony and you have the exhibits."

The remaining exceptions (4, 5 and 6) impute error to the trial Judge in the conduct of the trial and grow out of the following incidents and circumstances: After the jury had been out for a while (the record fails to disclose how long), at 6:30 p. m. the jury came into Court and asked for instructions upon a question of law. After charging the jury in response to that request, the Judge at 7 p. m. called the foreman of the jury (defendant's counsel stating there was no objection to such course of action) and gave him instructions as to bringing in a sealed verdict when agreed upon. The foreman upon receiving these instructions asked: "Suppose we can't agree?" To which the Judge replied: "Oh, but you must agree; we wouldn't consider a mistrial in this case." The next morning at 9:30 the Judge ordered the jury brought out, and upon receiving report from the foreman that a verdict had not been agreed upon, said: "That is mighty bad; great pity for you to make a mistrial." Upon being advised by the foreman that he did

not think the trouble was a question of law, the Judge said:

"If there is any chance, you ought to agree, and I think all jurors should want to discuss the question with the willingness to see the viewpoint of the other jurors, and, if possible, reach a verdict. I do not think that any juror should surrender what he thinks is right, but, at the same time, I do not think any juror should arbitrarily hold up a verdict. Now, in response to your question yesterday afternoon, it may be that I ought to be a little more explicit, and since that time, I have had an opportunity to look over this Act of our Legislature, and I am going to read it to you, which, I think, will have a bearing on the question which you asked."

After reading portions of the statute and charging the law thereof, the Court said:

"So I will ask you to go back and do what is right to reach a fair verdict. I do not think a juror should arbitrarily hold up a verdict, nor do I think any juror should give up what he conscientiously believes under the testimony. * * * You will go back and make one more effort."

At 10 a. m. the jury returned with a verdict of guilty.

Appellant contends that the action of the trial Judge in causing the jury to return to their room the last time was in violation of Section 4050 of the Civil Code of 1912, which is as follows:

"'When a jury, after due and thorough deliberation upon any cause, return into Court without having agreed upon a verdict, the Court may state anew the evidence, or any part of it, and explain to them anew the law applicable to the case, and may send them out for further deliberation; but if they return a second time without having agreed upon a verdict, they shall not be sent out again without

their own consent, unless they shall ask from the Court some explanation of the law."

In the case at bar the jury returned into Court first on their own motion for the purpose of asking instructions upon the law. They were brought in the second time (the next morning) at the instance of the Court. We do not think there was a "return" for the "second time without having agreed upon a verdict" in the sense contemplated by the statute. By the express terms of the statute there must first be a return of the jury into Court without having agreed upon a verdict "after due and thorough deliberation." Such return primarily implies voluntary action, actuated by, and based upon, the jury's inability to agree. And manifestly, as we think, it was not intended to make the jury the sole judge of when there has been "due and thorough deliberation upon any cause." That is a matter that must of necessity be finally determined by the Court in the exercise of sound discretion. As to the first return of the jury into Court at 6:30 in the afternoon, the purpose of that return was to ask for instructions thereby clearly indicating the jury's own opinions that there had not at that time been "due and thorough deliberation." But, even if that view were not conclusive of the question involved, the sending of the jury back for further deliberation under the conditions here could not be pronounced a violation of the statute or an abuse of the Court's discretion. Constructing this statute in *State v. Rowell*, 75 S. C., at page 509; 56 S. E., at page 29, this Court has held that, in order to make it applicable, "there must be some indication of unwillingness on the part of the jury to again retire." There was no insistence here that a verdict could not be agreed on and no objection or complaint (as in *State v. Kelley*, 45 S. C., 659, 24 S. E., 45) on the part of the jury as to retiring for further deliberation. We are therefore clearly of the opinion that there was no violation

of the statute in question and no coercion exercised by the trial Court in again charging the jury and sending them back on the last occasion. *State v. Rowell, supra; Nickles v. Seaboard Air Line R. Co.,* 74 S. C., 102; 54 S. E., 255; *Dover v. Lockhart Mills,* 86 S. C., 229; 68 S. E., 525; *State v. Jones,* 86 S. C., 17; 67 S. E., 160; *Caldwell v. Duncan,* 87 S. C., 331; 69 S. E., 660; *Harper v. Abercrombie,* 115 S. C., 360; 105 S. E., 749.

The only feature of the trial Judge's conduct that would seem open to legitimate criticism, is the remark made to the foreman of the jury on the afternoon before the jury's all-night session: "Oh, but you must agree; we wouldn't consider a mistrial in this case." We would have been better satisfied to affirm the Court's action if that remark had been omitted. The remark, however, was elicited by the foreman at a time when there is nothing in the record to show for what length of time the jury had been out, or that there had been due and thorough deliberation, and at a time when the Court evidently considered that the suggestion of a mistrial was premature. While a trial Judge may not coerce a jury, he is not precluded from indicating very plainly that he will not be coerced by the jury. As to the coercive tendency of the Judge's remarks much would depend upon the manner of the spoken word. The trial Judge in passing upon this point on the motion for a new trial, stated that the remark in question was made smilingly, and that he was satisfied the foreman could not have understood it as a command or as anything more than an admonition that the time had not yet come to consider a mistrial. In view of the circumstances indicated and of the Judge's subsequent full and clear statement to the jury to the effect that no juror was expected to surrender his conscientious convictions, it cannot be held that there was prejudicial error.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.