537 S.E.2d 279

Gary E. BUFF, Petitioner,

v.

SOUTH CAROLINA DEPARTMENT OF
TRANSPORTATION, Respondent.

,Southeastern Freight Lines, Petitioner,

v.

South Carolina Department of Transportation, Respondent.

No. 25195.

Supreme Court of South Carolina.

Heard May 23, 2000.
Decided Sept. 18, 2000.

Gary W. Popwell, Jr., of Lee, Eadon, Isgett & Popwell, and Pope D. Johnson III, of McCutchen, Blanton, Rhodes & Johnson, both of Columbia, for petitioners.

James D. Nance, of Nance & McCants, of Aiken, for respondent.

BURNETT, Justice:

Petitioner Gary E. Buff was injured in an automobile accident while driving a truck for Petitioner Southeastern Freight Lines. Buff and Southeastern Freight Lines (Buff) brought these negligence actions against Respondent South Carolina Department of Transportation (DOT).[1] The jury awarded damages to Buff. DOT appealed. Finding the trial judge improperly sent the jury back to deliberate after it had twice stated it was deadlocked, the Court of Appeals reversed. *Buff v. South Carolina Dep't of Transp.*, 332 S.C. 472, 505 S.E.2d 360 (Ct.App.1998) (Anderson, J., dissenting). We granted a writ of certiorari to review this decision.

## FACTS

The jury began deliberations at 4:25 p.m. Through a note, the jury requested a copy of a deposition. At 5:00 p.m., the

---

1. In addition, petitioners brought an action against the driver of the other vehicle.

jury returned to the courtroom; the trial court informed the jury it could not have the deposition. The jury returned to deliberate at 5:03 p.m.

The jury sent a second note requesting a definition of proximate cause. At 5:25 p.m., the jury returned to the courtroom and was instructed. The jury returned to deliberate at 5:45 p.m.

At 8:00 p.m., the jury returned to the courtroom. The trial judge stated he had received a third note which stated: "we are deadlocked." The trial judge inquired if the jury was making progress. The foreperson responded: "No, sir. We have been deadlocked ever since we came in, went back out and we've been informed that, that the deadlock have (sic) not changed since we came back out." After giving an *Allen* charge,[2] the trial judge instructed the jury to return at 9:00 the following morning to resume deliberations.

At some point after resuming deliberations the following morning, the jury sent a fourth note which stated: "we are deadlocked 11–1 with no chance of reaching an agreement." At 10:50 a.m., the jury returned to the courtroom. The trial judge stated:

I have received your note from the bailiff that indicates that, up until this point in time, Mr. Foreman, we've been unable to reach a unanimous verdict.

Again I want to thank you for your deliberations up to this point. I did want to give you some additional instructions that may be of some benefit to you. So if you would consider this fact. If I have to declare a mistrial in the case it would require us to come back and try the case again before another jury with great cost and expense to both sides. Of course it's an important case for both sides.

As I may have indicated earlier, you were chosen because we had full confidence in your abilities to hear testimony and evidence and decide the factual issues in dispute and we still do. We believe that you're the best twelve we could ever have impaneled to hear this case. You've heard all the testimony and evidence and while I understand that you've

---

2. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

been unable up to this point in time to reach a unanimous verdict if there is some question of law that I need to instruct you on I can certainly do that. If [sic] any question that you need further clarification on, I'll be more than happy to do that. If you need me to [sic] send me a note through the bailiff and let me know, if that's the case. But *I'm going to ask you to try if you can to make one last effort at trying to reach a unanimous verdict, if possible.* Again, I'm not going to ask any individual juror to give up his or her conscience [sic] convictions about the case just simply to reach a verdict but on the other hand I am going to ask you re-evaluate your position and if there is some question about the law, I'll be more than happy to instruct you on the law if there is some misunderstanding in that regard. But, I don't want to comment on the facts. I have no opinion about the facts. I do want you to understand the law. So if it's a question about that, you let me know. The factual issues in dispute must be decided by you and that's why we sent back the special verdict form to try to assist you when you make your findings. If there is a problem in the way in which the form was presented to you, let me know.

In any event I believe *both sides would like, if possible, for you to reach a unanimous verdict if you can. So I'm going to continue the trial in the other case and ask you to make a continued effort to reach a unanimous verdict and let me know.* Thank you very much.

(Emphasis added).

The jury returned to the jury room. DOT moved for a mistrial, arguing a mistrial was appropriate after the jury twice stated it was deadlocked. The trial judge refused to grant a mistrial but stated he would declare a mistrial if the jury was again unable to reach a verdict.

At some point thereafter, the jury sent a note stating "we are making progress." At 11:50 a.m. the jury returned to the courtroom and delivered a unanimous verdict.

### *ISSUE*

Did the Court of Appeals err by holding the trial court abused its discretion by failing to grant a mistrial after the jury twice indicated it was unable to reach a verdict?

## DISCUSSION

South Carolina Code Ann. § 14–7–1330 (1976) provides:

When a jury, after due and thorough deliberation upon any cause, returns into court without having agreed upon a verdict, the court may state anew the evidence or any part of it and explain to it anew the law applicable to the case and may send it out for further deliberation. *But if it returns a second time without having agreed upon a verdict, it shall not be sent out again without its own consent unless it shall ask from the court some further explanation of law.*

(Emphasis added).[3]

The Court of Appeals held § 14–7–1330 permits a jury to resume deliberations after it has twice stated it is unable to reach a verdict only if the trial judge informs the jury it may choose whether to continue deliberations. It found the trial judge's final words to the jury, "[s]o I'm going to continue the trial in the other case and ask you to make a continued effort to reach a unanimous verdict and let me know," ordered the jury to continue deliberations until it reached a verdict and the jury's silence after the instruction could not be construed as consent. *Buff,* 332 S.C. 472, 505 S.E.2d 360. We disagree.

 The purpose of § 14–7–1330 is "to prevent forced verdicts, and to prevent undue severity of jury service." *State v. Freely,* 105 S.C. 243, 247, 89 S.E. 643, 644 (1916).[4] In *Freely,* the trial judge did not advise the jury it could not be required to deliberate a third time without its consent. On appeal, the Court held the question is whether, under all the circumstances, it appeared to the trial judge the jury consented to deliberate a third time. Affirming the trial court, the Court noted: "[t]he exercise of such a discretion at so delicate stage of a trial ought not to be disturbed unless it was obviously wrongly exercised." *Id.*

---

3. Whether the jury had duly and thoroughly deliberated prior to declaring itself deadlocked, as required by § 14–7–1330, is not at issue in this case.

4. The predecessor to § 14–7–1330 has been in existence since at least 1893 and the pertinent language remains the same. 1893 Revised Statutes § 2409.

In *State v. Rowell,* 75 S.C. 494, 56 S.E. 23 (1906), the jury twice stated it was unable to reach a unanimous verdict. The trial court sent the jury back to deliberate for a third time; it did not inform the jury its consent was necessary in order to pursue further deliberations. The Court held there was no abuse of discretion in returning the jury to deliberate a third time where there was no indication of unwillingness on the part of the jury to retire.

In *State v. Drakeford,* 120 S.C. 400, 113 S.E. 307 (1922), the trial judge gave the foreman instructions on how to deliver the verdict when reached. The foreman inquired, "[s]uppose we can't agree?" and the trial judge responded, "[o]h, but you must agree; we wouldn't consider a mistrial in this case." The next morning, upon questioning by the trial judge, the jury stated it had not reached a verdict. After giving an *Allen* charge, the trial judge instructed the jury to "make one more effort." Thereafter, the jury returned with a verdict. The Court held, even if the jury had twice indicated it was unable to reach a verdict,[5] the statute was not violated because "[t]here was no insistence here that a verdict could not be agreed on and no objection or complaint ... on the part of the jury as to retiring for further deliberations." *Id.* at 406, 113 S.E. at 310.

In *Edwards v. Edwards,* 239 S.C. 85, 121 S.E.2d 432 (1961), in returning the jury to the jury room to deliberate a third time, the trial judge stated:

I'm going to ask you in all seriousness, Gentlemen, to make one more attempt at this case. When you tell me you can't do it, that's going to be the end of it, because I'm not going to send you back again. So, I'm putting it right straight up to you, see what you can do with it, Gentlemen. Was there any question any of you Gentlemen wanted to ask?

*Id.* at 93, 121 S.E.2d at 436.

In determining whether the jury was returned with its consent as required by statute, the Supreme Court held:

*There was no response or indication of unwillingness on the part of any member of the jury,* but on the contrary they returned immediately to the jury room for further

---

5. There was some discussion as to whether the statute applied at all.

deliberation. *No verbal acceptance of the request of the trial Judge was made, but consent was implied.* Had there been a statement to the effect that further consideration of the case was without their consent, it would have become the duty of the trial Judge to discharge them. However, *under the circumstances, if the Judge was satisfied in the exercise of his discretion that the jury consented to return for further deliberation, he should not have dismissed them but permitted further deliberation as was done in the instant case.*

*Id.*

On other hand, where the trial judge's comments clearly coerce the jury into reaching a verdict, the Court has found a violation of the statute and mistrial the appropriate remedy. *Rowland v. Harris,* 218 S.C. 42, 61 S.E.2d 397 (1950) (statute violated where trial judge indicated jury would spend weekend in jury room until it reached a unanimous verdict); *State v. Simon,* 126 S.C. 437, 120 S.E. 230 (1923) (statute violated where trial judge notified jury it would spend night in jury room unless it reached a unanimous verdict); *State v. Kelley,* 45 S.C. 659, 24 S.E. 45 (1896) (statute violated where jury deliberated from 4:00 p.m. until 6:00 p.m. the next day without lunch, indicated it could not agree, judge instructed jury to retire again, and foreman responded "[w]e have been in the room for twenty-four hours, and can't agree").

Contrary to the holding in *Buff,* neither the language of § 14–7–1330 nor our cases applying the statute require the trial judge to inform the jury its consent is necessary before deliberating a third time. We decline to impose such a requirement.

■ Instead, we conclude the trial judge who is in the best position to observe the jury's demeanor should have some flexibility in guiding a case to its final resolution while protecting the parties' rights to a fair, impartial, and conscientious verdict. Accordingly, when a jury has twice indicated it is deadlocked, the trial judge should diplomatically discuss with the jury whether further deliberations could be beneficial. The jury's consent to resume or to discontinue deliberations is determined, either expressly or impliedly, by its response to the trial judge's comments. *Edwards,* 239 S.C. 85, 121 S.E.2d

432 (jury's consent to continue deliberations may be implied from lack of verbal response to request or failure to indicate unwillingness to resume deliberations); *Drakeford,* 120 S.C. 400, 113 S.E. 307 (consent implied where jury did not insist verdict could not be rendered and jury did not complain about further deliberations); *Rowell,* 75 S.C. 494, 56 S.E. 23 (consent implied where jury did not indicate it was unwilling to deliberate a third time).

Here, the trial judge properly responded to the jury's second note stating it was deadlocked. The court informed the jury of the desirability of reaching a verdict and advised the jury no other twelve individuals were more capable of deciding the matter, yet reminded the jury no juror should surrender his or her conscientious conviction simply to reach a unanimous verdict. The trial judge's request, *"to try if you can* to make one last effort at *trying* to reach a unanimous verdict, *if possible* " and "both sides would like, *if possible,* for you to reach a unanimous verdict *if you can,"* urged the jury to make one last attempt at reaching a unanimous verdict.[6] It did not require deliberations continue for a certain length of time or imply that the jury *must* reach a verdict. Although the jury had not previously hesitated to communicate with the trial judge,[7] none of the jurors expressed any unwillingness to comply with the trial judge's request. In fact, within the hour, the jury informed the trial judge it was making progress and reached a unanimous verdict. Accordingly, the record indicates the jury consented to a third attempt at deliberations.

Under all circumstances of this case, we conclude the trial judge did not abuse his discretion by determining the jury consented to return for further deliberation as required by § 14–7–1330. *See Edwards,* 239 S.C. 85, 121 S.E.2d 432, *Rowell,* 75 S.C. 494, 56 S.E. 23, *Freely,* 105 S.C. 243, 89 S.E. 643. In the future, we suggest the trial judge carefully ensure the existence of a sufficient record from which the appellate

---

6. When coupled with these phrases, the trial judge's instruction to "make a continued effort" did not suggest, as the Court of Appeals held, to continue to deliberate until a verdict is reached, but rather to attempt one final time to reach a unanimous verdict.

7. The jury had sent four notes to the trial judge.

court can determine the jury's consent to further deliberations.

Accordingly, we **REVERSE** the decision of the Court of Appeals and **REMAND** this matter to the Court of Appeals to rule on DOT's remaining issues.

MOORE and WALLER, JJ., concur.

TOAL, C.J., concurring in a separate opinion.

PLEICONES, J., dissenting in a separate opinion.

TOAL, Chief Justice, concurring separately:

While I concur with the majority's conclusion that a trial judge does not have to affirmatively inform the jury its consent is necessary before sending it back to deliberate a third time, I write separately to emphasize the importance of "due deliberation" in the analysis of S.C.Code Ann. § 14-7-1330 (1976).

Section 14-7-1330 states:

When a jury, *after due and thorough deliberation* upon any cause, returns into court without having agreed upon a verdict, the court may state anew the evidence or any part of it and explain to it anew the law applicable to the case and may send it out for further deliberation. But if it returns a second time without having agreed upon a verdict, it shall not be sent out again without its own consent unless it shall ask from the court some further explanation of the law.

(Emphasis added). This statutory language establishes that due deliberation must occur prior to the jury's claim of deadlock.

As the majority points out, the main concern of section 14-7-1330 is the avoidance of forced verdicts and undue severity of jury service. *See State v. Freely,* 105 S.C. 243, 247, 89 S.E. 643, 644 (1916). As a practical matter, neither of these concerns are relevant until the jury has had the case long enough to qualify as due deliberation. In some cases, a jury may return to the court claiming deadlock well before there has been enough time for due deliberation. For example, where a complicated trial has occurred over the course of

several weeks, if the jury returns claiming deadlock after only a few hours of initial deliberation, the trial judge does not have to count that interruption under section 14–7–1330. If a trial judge had to count every such claim of deadlock as a return, the statute would improperly limit the trial judge's discretion in guiding a case to its final resolution.

I believe section 14–7–1330 sets up two requirements. First, the section establishes there must be "due and thorough deliberation" by the jury before returns to the courtroom may be considered evidence of deadlock. Second, after such due deliberation has occurred, if the jury comes back twice claiming to be deadlocked, the judge must receive the jury's consent before requiring them to deliberate further. As made clear by the majority's opinion, this consent can be either expressed or implied based on the situation.

PLEICONES, Justice:

I respectfully dissent, and would affirm the result reached by the Court of Appeals.

This case presents for consideration a matter wholly governed by S.C.Code Ann. § 14–7–1330, the language of which has remained unchanged since at least 1871.[1] Section 14–7–1330 states:

When a jury, after due and thorough deliberation upon any cause, returns into court without having agreed upon a verdict, the court may state anew the evidence or any part of it and explain to it anew the law applicable to the case and may send it out for further deliberation. *But if it returns a second time without having agreed upon a verdict, it shall not be sent out again without its own consent unless it shall ask from the court some further explanation of the law.* (Emphasis supplied).

There is no dispute under the facts of this case but that the jury returned a second time without agreeing upon a verdict.

The case thus turns on the question of whether this jury was sent out without its consent since it did not ask for further explanation of the law. Whether the jury has consented is, as found by the majority, a matter for the sound discretion of the

---

1. 1871 Act No. 419, § 27.

trial judge, to be exercised after consideration of the totality of the circumstances. Here, it is my judgment that the trial judge abused his discretion in sending the jury out, following its second return, because they neither verbalized nor manifested by conduct their consent to continued deliberations, as required by the statute.

I agree with the majority that a jury's consent may be implied from circumstances. I do not, however, agree that simply because this jury expressed no unwillingness to continue, its consent can be implied.

Jurors are told from the beginning of a trial that the trial judge's pronouncements on the law are binding upon them and that their role is to be the sole and exclusive judges of the facts.[2] In this case the trial judge instructed the jury to continue its deliberations without in any way seeking to ascertain if they consented. The jury's mere passive acquiescence to this direction was nothing more than an example of the jury appropriately following the charge of the trial judge, and did not, in and of itself, allow an implication of consent.[3]

The majority, in finding implied consent, relies in part upon the fact that the jury sent a note to the effect that it was making progress after its second return. This note can just as easily be construed as manifesting the jury's reluctance to incur the displeasure of the trial judge as it can as an expression of consent. Again, all that the jury's conduct exhibited was acquiescence to the trial judge's charge.

While I agree with the majority that there are decisions of this Court which seem to support their view, I do not believe that affirmation of the Court of Appeals' decision requires overruling of that precedent.[4] I believe the Court of Appeals

---

2. They are of course told this by the sole authority figure in the courtroom, the trial judge.

3. Juries are presumed and bound to follow the instructions of the trial judge. *Foye v. State,* 335 S.C. 586, 518 S.E.2d 265 (1999); *State v. Grovenstein,* 335 S.C. 347, 517 S.E.2d 216 (1999); *State v. Ard,* 332 S.C. 370, 505 S.E.2d 328 (1998); *Arnold v. State,* 309 S.C. 157, 420 S.E.2d 834 (1992).

4. *Edwards v. Edwards,* 239 S.C. 85, 121 S.E.2d 432 (1961); *State v. Drakeford,* 120 S.C. 400, 113 S.E. 307 (1922); *State v.. Freely,* 105 S.C. 243, 89 S.E. 643 (1916); *State v. Rowell,* 75 S.C. 494, 56 S.E. 23 (1906).

has appropriately distinguished *Edwards v. Edwards, supra,* from the case at bar. In my opinion, the cases relied upon by the majority were each decided upon their unique facts and circumstances which differ markedly from those of this case. Nonetheless, to the extent that *Edwards* or the other cases cited by the majority may be read to sustain a finding of implied consent solely from the jury's obedience to the judge's instruction to continue its deliberation, I would overrule them.

The majority sets forth in its opinion appropriate guidance to the trial bench for its future dealings with the jury in similar circumstances involving this statute.[5] I would go further, and require a specific finding by the trial judge setting forth the basis for her conclusion that the jury has consented to continued deliberation.

In the final analysis, this is a matter wholly governed by the statute; the statute says what it says, and the exercise of discretion by the trial judge constituted an abuse. I would therefore affirm the result reached by the Court of Appeals and would remand for a new trial.

---

5. Whether "due and thorough deliberation" was conducted is not before us for review. Nonetheless, I agree with the concurring opinion with respect to this consideration.