THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Steven Louis
 Barnes, Appellant.
 
 
 

Appeal From Edgefield County
R. Knox McMahon, Circuit Court Judge
Unpublished Opinion No.  2010-UP-427
Submitted September 1, 2010  Filed
 October 11, 2010
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General Julie M. Thames, of Columbia; and Solicitor
 Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER
 CURIAM:  Steven Louis Barnes was convicted of throwing bodily
 fluids and was sentenced to fifteen years' imprisonment.  On appeal, Barnes argues the trial
 court abused its discretion in failing to declare a mistrial when the jury returned deadlocked twice. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  S.C. Code Ann. § 14-7-1330 (1976) (defining the procedure for when a jury fails to agree); Buff v. S.C. Dep't of Transp.,
 342 S.C. 416, 422, 537 S.E.2d 279, 282 (2000) ("The jury's consent to resume or to discontinue deliberations is
 determined, either expressly or impliedly, by its response to the trial judge's comments."); Id. ("Accordingly, when a jury has
 twice indicated it is deadlocked, the trial judge should diplomatically discuss
 with the jury whether further deliberations could be beneficial."); State v. Crim,
 327 S.C. 254, 257, 489 S.E.2d 478, 479 (1997) ("It
 is well-settled that the decision to grant or deny a mistrial is within the
 sound discretion of the trial judge."). 
AFFIRMED.
SHORT, THOMAS,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.