739 S.E.2d 629

The STATE, Respondent,

v.

Steven Louis BARNES, Petitioner.

Appellate Case No. 2011–186426.

No. 27234.

Supreme Court of South Carolina.

Heard Jan. 9, 2013.

Decided March 20, 2013.

■■■■■■

Appellant Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Deputy Attorney General David A. Spencer, all of Columbia, and Solicitor Donald V. Myers, of Lexington, for Respondent.

PER CURIAM.

We granted certiorari to review an unpublished Court of Appeals' decision which affirmed the trial court's decision to have a twice deadlocked jury continue to deliberate. *State v. Barnes*, Op. No. 2010–UP–427 (S.C. Ct.App. filed October 11, 2010). We agree with petitioner that the trial court's decision violated the mandate of S.C.Code Ann. § 14–7–1330 (1976) and that the Court of Appeals erred in affirming his direct appeal, and now reverse and remand for a new trial.

## FACTS

Petitioner was convicted of throwing urine on a jailor in violation of S.C.Code Ann. § 24–13–470 (2007) and received a fifteen-year sentence consecutive to the sentence he was then serving. After a one-day trial, the jury commenced deliberations at 4:42 pm. At 4:45 pm, the jury sent a note asking for a laptop.[1] After being provided with the computer, the jury foreman sent a note informing the court that the jury could not reach a verdict, and the jury returned to the courtroom at 5:38 pm. The judge, without objection, gave the jury an *Allen*[2] charge and the jury again retired at 5:45 pm.

---

1. This was to enable the jury to view a brief video tape that had been entered into evidence.

2. *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

At 6:14 pm, the judge reported receiving another note from the jury, this time requesting a recharge on direct and circumstantial evidence. After the charge, the jury retired at 6:29 pm.

Around 6:44 pm, the judge and attorneys began discussing another note sent by the jury foreman. In this note, the foreman wrote, "Eleven to one,[3] they are not going to change their mind," and "One not guilty, lock [sic], will not change their vote." The trial judge asked each attorney to state his position. The solicitor said, "I don't know if the foreman would believe in a further attempt or not. It might be worthy of discussion." Petitioner's attorney disagreed, saying:

My position is they have been in there plenty of time. They have been back. They are not requesting any further instruction at this point.[4] They have already stated that this particular individual isn't going to change his mind. It would be extremely unfair to my client to send them back.

The judge decided to inquire further.

In the course of speaking to the jury, the judge stated:

[Y]ou have been out for some three hours, and it's obvious that you have worked very diligently and very focused on the task at hand[5].... I would have no problem whatsoever to releasing y'all from your service tonight and asking you to return in the morning.... That is the absolute option that I would choose to take. Sometimes I forget I'm a judge, **so I know I can order it,** but at the same time y'all are the judges of the facts in the case. **I don't want to necessarily dictate that.** But would y'all be amenable to that? would you discuss that with your fellow jurors? Do you think that would be an option, Mr. Foreman?

(emphasis supplied.)

---

3. We remind trial judges to inform juries that they are not to reveal the jury's numerical division.

4. This is a reference to § 14–7–1330 which provides a jury that returns deadlocked a second time and does not ask for "explanation of law" may not be required to continue to deliberate unless the jury consents.

5. This appears to be a finding that the jury had engaged in "due and thorough deliberation" which is a prerequisite to the applicability of § 14–7–1330.

The foreman responded, "Based on the discussions in the office back there, you have the numbers, and I don't think the other person will be able to change his mind." Despite this response, the trial judge declined to declare a mistrial and excused the jury for the night. After the jury was excused, the judge permitted the parties to put anything they wished on the record. Petitioner's attorney indicated disagreement with the judge's decision since the foreman had indicated "he didn't think it would be fruitful to deliberate any further."

The next day the jury returned a guilty verdict. Following their dismissal, the judge explained his decision with reference to § 14–7–1330. On appeal, petitioner raised the issue whether the trial judge had violated the statute, and the Court of Appeals affirmed.

## ISSUE

Did the Court of Appeals err in affirming the trial judge's decision not to grant a mistrial in light of § 14–7–1330?

## ANALYSIS

Section 14–7–1330 provides:

When a jury, after due and thorough deliberation upon any cause, returns into court without having agreed upon a verdict, the court may state anew the evidence or any part of it and explain to it anew the law applicable to the case and may send it out for further deliberation. But if it returns a second time without having agreed upon a verdict, it shall not be sent out again without its own consent unless it shall ask from the court some further explanation of law.

Here, the trial judge found that the jury had not indicated that they were unwilling to continue deliberations and concluded, apparently based on the fact that they had returned the next morning as instructed, that "[o]bviously they were not" unwilling. Accordingly, we are asked to decide whether the trial judge erred in finding that the jury had consented to continued deliberations after they returned deadlocked at 6:44 pm. We find that he did, and reverse and remand for a new trial.

■■■ Section 14-7-1330 is intended "to prevent forced verdicts, and to prevent undue severity of jury service." *State v. Freely*, 105 S.C. 243, 89 S.E. 643 (1916). While there is no requirement that the judge inform the jury that its consent is necessary, we do not permit coercion. *See* cases collected in *Buff v. South Carolina Dep't of Transp.*, 342 S.C. 416, 537 S.E.2d 279 (2000). In *Buff*, we held that after the judge has *diplomatically* discussed with the twice deadlocked jury whether further deliberations would be beneficial, the jury's consent to continue is determined by its response. Here, the judge appears to have inadvertently coerced the jury when he indicated that he could order the jury to continue to deliberate. In the context of this case, we view the foreman's diplomatic response, that is, that he did not think that further deliberations would be fruitful, as manifesting a lack of consent. That the jury did in fact return the next day does not convince us that this jury manifested consent through its conduct, especially in light of its having been told that the judge would order continued deliberations if necessary.

## CONCLUSION

The trial judge abused his discretion in finding that petitioner's jury consented to continued deliberations as required by § 14-7-1330, and therefore erred in declining to declare a mistrial; and the Court of Appeals erred in affirming that decision. Petitioner's conviction and sentence are reversed, and the case remanded for a new trial.

**REVERSED AND REMANDED.**