**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Damian D. Anderson, Appellant.

Appellate Case No. 2014-001779

———————————

Appeal From Charleston County
W. Jeffrey Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-568
Submitted October 1, 2015 – Filed December 23, 2015
Withdrawn, Substituted and Refiled February 24, 2016

———————————

**AFFIRMED**

———————————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General V. Henry Gunter, Jr., both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————————

**PER CURIAM:** Damian Anderson appeals his conviction of assault on a police officer while resisting arrest. On appeal, he argues the trial court erred in sending

the jury to deliberate three times in violation of section 14-7-1330 of the South Carolina Code (1977).

We find the trial court did not err because section 14-7-1330 was never implicated. *See* § 14-7-1330 ("When a jury, after due and thorough deliberation upon any cause, returns into court without having agreed upon a verdict, the court may state anew the evidence or any part of it and explain to it anew the law applicable to the case and may send it out for further deliberation. But if it returns a second time without having agreed upon a verdict, it shall not be sent out again without its own consent unless it shall ask from the court some further explanation of the law."). The jury in this case returned after notifying the trial court it had reached a unanimous verdict. However, one of the jurors stated she did not wish to vote guilty when the jury was polled. The trial court then sent the jury to deliberate again.

Anderson argues the trial court's instruction to return to deliberations after polling was a "return" under section 14-7-1330. However, when a juror states the announced verdict is not her verdict during jury polling, it does not necessarily indicate the jury is deadlocked. *State v. Kelly*, 372 S.C. 167, 171-72, 641 S.E.2d 468, 470-71 (Ct. App. 2007); *see also State v. Drakeford*, 120 S.C. 400, 406, 113 S.E. 307, 309 (1922) ("By the express terms of the statute there must first be a return of the jury into court without having agreed upon a verdict . . . . Such return primarily implies voluntary action, actuated by, and based upon, the jury's inability to agree."). Therefore, we find the jury did not "return[] into court without having agreed upon a verdict" when polling indicated the verdict was not unanimous. *See* § 14-7-1330.[1]

**AFFIRMED.**[2]

---

[1] Furthermore, even if the statute was implicated, we find the jury impliedly consented to return to deliberations. *See State v. Barnes*, 402 S.C. 135, 136-39, 739 S.E.2d 629, 629-31 (2013) (holding the trial court to inform the jury its consent is necessary before sending it to deliberate a third time); *State v. Freely*, 105 S.C. 243, 248, 89 S.E. 643, 644 (1916) ("If the circumstances satisfied the [court], in a wise exercise of [its] discretion, that the jury consented to the return, then it was lawful to return them."); *State v. Rowell*, 75 S.C. 494, 509, 56 S.E. 23, 28-29 (1906) (the jury's consent to return to deliberations may be implied when it does not indicate it is unwilling to deliberate a third time).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**