# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Christopher Lampley, Appellant,

v.

Major Hulon, Dillon County Sheriff, Respondent.

Appellate Case No. 2018-000405

-------

Appeal From Dillon County
Paul M. Burch, Circuit Court Judge

-------

Opinion No. 5798
Heard November 12, 2020 – Filed February 3, 2021

-------

## REVERSED AND REMANDED

-------

Robert Norris Hill, of Law Office of Robert Hill, of
Lexington, and William P. Hatfield, of Hatfield Temple,
LLP, of Florence, both for Appellant.

Kevin Lindsay Terrell, of Clarkson, Walsh & Coulter,
P.A., of Spartanburg; C. Heath Ruffner, of McLeod &
Ruffner, of Cheraw; and Andrew F. Lindemann, of
Lindemann & Davis, P.A., of Columbia; all for
Respondent.

-------

**THOMAS, J.:** Christopher Lampley appeals from an order granting partial
summary judgment to the Dillon County Sheriff (Sheriff) based on section 15-78-
60(14) of the South Carolina Code (2005). Lampley argues the trial court erred in
(1) not finding section 15-78-60(14) unambiguously allows Lampley to recover
damages from the Sheriff because the Sheriff was not his employer; (2) improperly

altering the statute's unambiguous text with canons that do not apply; and (3) focusing on who funded the insurance, rather than who employed Lampley, which interjected uncertainty into an unambiguous statute. We reverse and remand.

## FACTS

A Dillon County Deputy Sheriff and Lampley, who was a fireman employed by Dillon County, were responding to a house fire with entrapment. In the process of responding to the fire, there was a collision between the two vehicles just outside Dillon County. Both Lampley and the Deputy Sheriff were on duty and acting within the course and scope of their employment at the time of the accident. Lampley was injured in the accident and received worker's compensation benefits through Dillon County.

Lampley also filed an action against the County and limited his suit to his property damage claims because the County provided him with workers' compensation coverage. However, the County answered, asserting Lampley sued the wrong defendant because the Sheriff, not the County, employed the Deputy Sheriff. The County moved to dismiss because the Tort Claims Act required Lampley sue the Sheriff, not the County. Therefore, Lampley filed an amended complaint, substituting the Dillon County Sheriff as the named defendant and adding a claim for bodily injury to the prior claim for property damage.

The Sheriff then filed a motion to dismiss, or in the alternative, a motion for summary judgment. After a hearing, the trial court granted the Sheriff partial summary judgment and dismissed Lampley's claim for bodily injuries. The court allowed Lampley's claim for property damage to proceed to trial. The jury found Lampley and the Deputy Sheriff were equally at fault for the accident. Lampley now appeals only the partial summary judgment on his bodily injury claim.

## STANDARD OF REVIEW

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "In determining whether any triable issues of fact exist for summary judgment purposes, the evidence and all the inferences that can be

reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Med. Univ. of S.C. v. Arnaud*, 360 S.C. 615, 619, 602 S.E.2d 747, 749 (2004). Our supreme court has established "[t]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof." *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 357-58, 650 S.E.2d 68, 71 (2007) (quoting *Baughman v. Amer. Tel. & Tel. Co.*, 306 S.C. 101, 116, 410 S.E.2d 537, 545-46 (1991)).

## LAW/ANALYSIS

Lampley argues the trial court erred in not finding section 15-78-60(14) of the South Carolina Tort Claims Act unambiguously allows him to recover damages from the Sheriff because the Sheriff was not his employer. We agree.

Section 15-78-60(14) provides:

> The governmental entity is not liable for a loss resulting from: (14) any claim covered by the South Carolina Workers' Compensation Act, *except claims by or on behalf of an injured employee to recover damages from any person other than the employer*, the South Carolina Unemployment Compensation Act, or the South Carolina State Employee's Grievance Act.

(emphasis added).

The trial court noted the issue of whether "as to the collection of workers' compensation benefits, County and Sheriff are, for all intents and purposes, the same 'employer' as contemplated by § 15-78-60(14)" is one of first impression in our state. The trial court considered *Buff v. South Carolina Department of Transportation*, 332 S.C. 472, 505 S.E.2d 360 (Ct. App. 1998), *rev'd on other grounds*, 342 S.C. 416, 537 S.E.2d 279 (2000), stating:

> [T]he Court of Appeals held that a private employee may receive workers' compensation benefits from his private employer and maintain an action in tort against a third-party governmental tortfeasor, but the Court is unaware of any reported decision involving a workers'

> compensation claim and third-party tort action against a
> government employer as in the case at bar.

The trial court then determined that "the County and Sheriff are so closely related for purposes of workers' compensation claims and benefits so as to constitute the same 'employer' as that term is used in §15-78-60(14)."

Lampley asserts the trial court did not find section 15-78-60(14) was ambiguous. Therefore, Lampley argues the statute allows him to sue the Sheriff because the Sheriff was not his employer. He maintains the County was his employer and provided his workers' compensation. Lampley asserts under South Carolina law, the Sheriff is a State employee.

In *Edwards v. Lexington County Sheriff's Department*, 386 S.C. 285, 287 n.1, 688 S.E.2d 125, 127 n.1 (2010), the Lexington County Sheriff's Department asserted the Lexington County Sheriff's Department and Lexington County were "one and the same entity." However, our supreme court held it is well-settled under South Carolina law that the Sheriff and Sheriff's deputies are state, not county, employees. *Id.* (citing *Cone v. Nettles*, 308 S.C. 109, 112, 417 S.E.2d 523, 524 (1992) (holding sheriffs and deputies are state officials); *Heath v. Aiken Cty.*, 295 S.C. 416, 418, 368 S.E.2d 904, 905 (1988) (finding deputies are not county employees). *See also Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988), *aff'd*, 878 F.2d 379 (4th Cir. 1989) (holding sheriffs and deputy sheriffs in South Carolina are state officials).

Further, in *Faile v. South Carolina Department of Juvenile Justice*, 350 S.C. 315, 329, 566 S.E.2d 536, 543 (2002), the court stated the following four factors are used to determine whether a person is an employee of an entity: "(1) who has the right to control the person; (2) who pays the person; (3) who furnishes the person with equipment; and (4) who has the right to fire the person." Applying those factors to this case, the Sheriff does not control Lampley, does not pay Lampley, does not furnish Lampley with equipment, and does not have the right to fire Lampley. Thus, under *Faile*, the Sheriff is not Lampley's employer.

Therefore, we find South Carolina case law states the sheriff and sheriff's deputies are state employees. Because Lampley's employer is the County, he should not be barred from suing the Sheriff, who is an employee of the State. Section 15-78-60(14) provides an injured employee can receive benefits under the South Carolina Workers' Compensation Act and recover damages from any person other than their employer.

Accordingly, we find the trial court erred in granting partial summary judgment on Lampley's claim for bodily injuries. *See Med. Univ. of S.C.*, 360 S.C. at 619, 602 S.E.2d at 749 ("In determining whether any triable issues of fact exist for summary judgment purposes, the evidence and all the inferences that can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Bloom v. Ravoira*, 339 S.C. 417, 422, 529 S.E.2d 710, 713 (2000) ("[S]ummary judgment is generally not appropriate in a comparative negligence case."). Because the issue of property damage was allowed to go to trial and the jury found Lampley and the deputy sheriff were equally responsible for the accident, we need not remand for a determination of liability. We remand the case for a determination on the amount of damages for bodily injury based on the jury's finding of equal liability. *See Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991) ("For all causes of action arising on or after July 1, 1991, a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant. The amount of the plaintiff's recovery shall be reduced in proportion to the amount of his or her negligence.").

Lampley argues the trial court also erred in (1) improperly altering the statute's unambiguous text with canons that do not apply, and (2) focusing on who funded the insurance, rather than who employed him, which interjected uncertainty into an unambiguous statute. We need not address these issues as the first issue is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

**CONCLUSION**

Accordingly, the trial court's grant of partial summary judgment on Lampley's claim for bodily injuries is reversed, and the case is remanded for a determination on the amount of damages for bodily injury based on the jury's finding of equal liability.

**REVERSED and REMANDED.**

**HILL and HEWITT, JJ., concur.**